UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80364-Cannon/McCabe

KEMARLY ROPER and STEPHANIE
ROPER,

    Plaintiffs,
v.

BMO BANK N.A. f/k/a BMO HARRIS
BANK N.A.,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint ("Motion"), which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 21, DE 36). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED**.

**I.   BACKGROUND**

This is a pro se case involving an auto loan. The Court accepts the following facts as true, taken from Plaintiffs' Complaint. (DE 1). In August of 2021, Plaintiffs entered into a retail installment contract with Defendant for the purchase of an automobile. (DE 1 at 7). After entering into the contract, Defendant thereafter "initiated a securitization process" by selling the loan to a third party. (DE 1 at 7). This process effectively converted Plaintiffs' loan into an asset-backed security. (DE 1 at 7). Defendant never notified Plaintiffs that their loan would be securitized in this manner. (DE 1 at 7).

Based on the above, Plaintiffs allege the following counts:

| Count | Claim |
|---|---|
| 1 | Violation of Truth in Lending Act ("TILA") and Regulation Z, by failing to disclose that Plaintiffs' loan would be securitized |
| 2 | Violation of UCC § 3-301 regarding Person Entitled to Enforce Instrument |
| 3 | Violation of UCC § 3-604 regarding Discharge by Cancellation or Renunciation |
| 4 | Breach of Contract |

## II.  LEGAL STANDARD

By way of this Motion, Defendant seeks dismissal of all four counts of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id; see also Fox v. Hyundai Motor Fin./Hyundai Motor Am.*, No. 20-CV-60936-RAR, 2020 WL 8186267, at *1 (S.D. Fla. Oct. 29, 2020) ("liberal construction of pro se pleadings does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (cleaned up).

### III.     DISCUSSION

The Court will address each count in turn.

####    A.     Count 1 – Violation of TILA and Regulation Z

Count 1 alleges a violation of TILA, 15 U.S.C. § 1601 et seq., as well as the regulations set forth in 12 C.F.R. § 226, commonly referred to as "Regulation Z." (DE 1 at 7). Congress enacted TILA to promote "the informed use of credit by assuring meaningful disclosure of credit terms to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (cleaned up). Due to the complexity of credit transactions, Congress delegated the authority to set the legal framework to the Federal Reserve Board, which in turn promulgated Regulation Z. *Id.* at 559-560. Together, TILA and Regulation Z set forth the material disclosure requirements that must be made by lenders to borrowers, including the annual percentage rate, the amount to be financed, and the total number of payments. *See* 15 U.S.C. § 1602(v) (defining "material disclosures"); 15 U.S.C. § 1638(a) (setting forth "Required disclosures by creditor"); 12 C.F.R. § 226.17 (setting forth "General disclosure requirements" in closed-end credit transactions). Failure to comply with these disclosure requirements creates civil liability. *See Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 4248208, at *16 (S.D. Fla. Aug. 27, 2014).

In this case, the Complaint alleges that Defendant violated TILA and Regulation Z by failing to disclose that Plaintiffs' auto loan would be securitized. (DE 1 at 7). Plaintiffs cite no authority for the proposition that TILA and/or Regulation Z requires a lender to disclose that a loan will be securitized. The relevant caselaw seems to reach the opposite conclusion. *See Milner v. New American Funding LLC*, No. 1:23-CV-4411-MHC-JSA, 2024 WL 1957342 at *3 (N.D. Ga. April 1, 2024) ("[N]umerous courts over the last several years have squarely rejected the patently frivolous notion that 'securitization' or nondisclosure of securitization constitutes any

3

material credit term or gives the borrower any recourse to avoid paying their mortgage under TILA or otherwise"); *Smith v. Wells Fargo Bank N.A.*, No. 6:24-CV-884-CEM-DCI, 2024 WL 3760949 at *2 (M.D. Fla. July 25, 2024) (dismissing TILA claim where "Plaintiff cites no provision of TILA that requires a creditor to disclose purported securitization and cites no provision."). The Court therefore finds Plaintiffs cannot state a viable claim based on this legal theory.

In their response to this Motion, Plaintiffs argue that Defendant also failed to disclose additional material terms "including the APR, total finance charges, and the payment schedule." (DE 34 at 2). These allegations appear nowhere in the current Complaint. Plaintiffs cannot supplement the allegations of their Complaint by way of a response to a motion to dismiss. *See Bruhl v. PriceWaterhouseCoopers Int'l*, No. 03–23044, 2007 WL 997362, at *4 (S.D. Fla. Mar.27, 2007). Given Plaintiffs' pro se status, the current version of Count 1 should be dismissed without prejudice, and Plaintiffs should be permitted to file an Amended Complaint.

**B.     Counts 2 & 3 – Violation of UCC §§ 3-301 & 3-604**

Counts 2 and 3 allege violations of the UCC. Specifically, Count 2 alleges a violation of § 3-301, titled "Person Entitled to Enforce Instrument." (DE 1 at 7). Florida's version of § 3-301 provides as follows:

> The term "person entitled to enforce" an instrument means:
>
> (1) The holder of the instrument;
>
> (2) A nonholder in possession of the instrument who has the rights of a holder; or
>
> (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).
>
> A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Fla. Stat. § 673.3011. Based on this provision, Plaintiffs allege that Defendant no longer qualifies as a "person entitled to enforce the note" because Defendant sold the auto loan note as part of the securitization process. (DE 1 at 7).

Count 3 alleges a violation of § 3-604, titled "Discharge by Cancellation or Renunciation." (DE 1 at 7). Florida's version of § 3-604 provides as follows:

> Discharge by cancellation or renunciation.—
>
> (1) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument:
>
> (a) By an intentional voluntary act, such as:
>
> 1. Surrender of the instrument to the party;
>
> 2. Destruction, mutilation, or cancellation of the instrument;
>
> 3. Cancellation or striking out of the party's signature; or
>
> 4. Addition of words to the instrument indicating discharge; or
>
> (b) By agreeing not to sue or otherwise renouncing rights against the party by a signed writing.
>
> (2) Cancellation or striking out of an indorsement pursuant to subsection (1) does not affect the status and rights of a party derived from the indorsement.

Fla. Stat. § 673.6041. Based on this provision, Plaintiffs allege that, by selling the auto loan note, Defendant "voluntarily discharged the Plaintiffs' debt ... absolving Plaintiff of any liability under the note." (DE 1 at 7).

The Court finds that Counts 2 and 3 should be dismissed because these UCC provisions do not give rise to independent, stand-alone causes of action. *See Molina v. Aurora Loan Servs., LLC*, 710 F. App'x 837, 840 (11th Cir. 2017) (noting that UCC provisions "do not provide an independent cause of action."). Instead, these provisions serve merely as a standardized set of rules and definitions to aid in the interpretation and enforcement of certain contracts involving the

sale of goods. As such, these UCC provisions can be applied to aid and inform a cause of action for breach of contract, but they cannot serve as their own, independent causes of action. *See Mielke v. Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2005-MTR1*, 264 So. 3d 249, 253 (Fla. 1st DCA 2019) ("Accordingly, [the UCC provisions] make clear that the right to enforce a lost note, in the foreclosure context, travels with the breach that triggers the need to seek enforcement—default by a mortgagor. As a result, section 673.3091 does not create a standalone cause of action apart from a breach.").

In this case, Plaintiffs have already included a separate cause of action for breach of contract in their Complaint by way of Count 4. The Court will consider Plaintiff's UCC-related allegations in paragraphs 8 and 9 of the Complaint as part and parcel of Count 4. To the extent Plaintiffs seek to bring separate, stand-alone causes of action for violation of the UCC, Counts 2 and 3 should be dismissed.

    **C.    Count 4 – Breach of Contract**

Count 4 alleges a claim for breach of contract. (DE 1 at 7-8). To state a claim for breach of contract under Florida law, Plaintiffs must allege facts that show (1) "the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2nd DCA 2006).

Plaintiffs allege that Defendant "violated the terms and conditions of the retail contract agreement, thereby committing a breach of contract." (DE 1 at 8). But Plaintiffs fail to identify the exact provision of the retail installment contract that Defendant allegedly violated. "At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached." *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020). Given Plaintiffs'

pro se status, the current version of Count 4 should be dismissed without prejudice so that Plaintiffs can re-plead this claim by way of an Amended Complaint.

To the extent Plaintiffs choose to re-plead this claim, Plaintiffs should attach a copy of the contract that was allegedly breached (here, the retail installment contract), and they should specify the exact terms that Defendant violated. If Plaintiffs believe the UCC applies to the contract, they should specify how the UCC applies and how the UCC violations resulted in a breach of contract.[1]

**D.     Other Claims**

Within the body of Count 4, Plaintiffs also refer to three statutes: (1) the Florida criminal extortion statute, Fla. Stat. § 836.05; (2) the Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA"), Fla. Stat. § 501.201 et seq.; and (3) the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. (DE 1 at 8). As to the Florida criminal extortion statute, this statute "does not create a private cause of action for damages." *See Featherstone v. AT&T*, No. 3:17CV837-MCR-HTC, 2019 WL 5460198, at *3 (N.D. Fla. Sept. 24, 2019). As to FDUTPA and RICO, these statutes should not be pled as part of a breach of contract claim but should instead be pled as separate, standalone causes of action. To the extent Plaintiffs attempt to include these causes of action within their existing breach-of-contract claim, the Court dismisses these claims without prejudice.

---

[1] Defendant attached a copy of the retail installment contract, and other documents, as exhibits to its response to this Motion. (DE 21). The Court has not considered these documents in deciding this Motion. At the motion-to-dismiss stage, the Court cannot consider documents beyond the four corners of the Complaint unless (1) the documents are essential to the plaintiff's claim, and (2) the authenticity of the extrinsic documents is not disputed. *See Robert L. Strauss, P.A. v. Gemini Ins. Co.*, No. 24-60191-CV, 2024 WL 3558128, at *7 (S.D. Fla. July 26, 2024). Here, the record contains no indication as to whether Plaintiffs dispute the authenticity of the extrinsic documents that Defendant has provided to the Court.

If Plaintiffs choose to bring FDUTPA or RICO claims in their Amended Complaint, they should do so in separately numbered counts, one for each statute. *See* Fed. R. Civ. P. 10(b). The Court cautions Plaintiffs that these causes of action have very complicated elements that are difficult to plead and prove. Also, courts are reluctant to turn garden variety breach-of-contract disputes into FDUTPA and RICO claims. *See Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, 641 F.Supp.3d 1321, 1334 (S.D. Fla. 2022) (noting that "it is an abuse of the RICO statute to try to squeeze garden-variety business disputes into civil RICO actions.").

## IV.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 21) be **GRANTED** and that Plaintiffs' Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint. **Pending the District Judge's resolution of this Report and Recommendation, Plaintiffs may only file an amended pleading in full compliance with Fed. R. Civ. P. 10 and 15.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of October 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc: counsel of record; Plaintiffs, pro se.